## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS, and**
**DESMOND M. WHITE,**                              **Case No. 16-cv-**
      Plaintiffs,                                    **HON. JUDITH E. LEVY**

v

**WAYNE COUNTY ELECTION COMMISSION,**
      Defendant,

_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | ZENNA ELHASAN (P67691) |
| *Attorney for Plaintiffs* | Wayne County Corporation Counsel |
| 46350 Grand River, Suite C | JANET ANDERSON-DAVIS (P29499) |
| Novi, MI 48374 | Asst. Corporation Counsel |
| (248) 568-9712 | *Attorneys for Defendant Wayne Co.* |
| aap43@outlook.com | *Election Commission* |
| | 500 Griswold, Rm. 1267 |
| | Detroit, MI 48226 |
| | (313) 224-6684 |
| | Jandern@co.wayne.mi.us |

_____/

A companion case between the same parties and arising out of the same or similar transactions or occurrences as alleged herein was filed in U.S. District Court for The Eastern District of Michigan, *Davis v Bradshaw*, *et. al.,* **Case No. 16-cv-10674, and it was assigned to** <u>U.S. District Court Judge Judith E. Levy.</u> **That case is still pending**.

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

    NOW COME PLAINTIFFS, DESMOND M. WHITE and ROBERT DAVIS

(**collectively referred to herein as "Plaintiffs"**), by and through their attorney,

ANDREW A. PATERSON, and for their Verified Complaint for Declaratory

Judgment and Injunctive Relief ("**Verified Complaint**"), state the following:

## I.   NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

2. Plaintiffs allege in **Count I** of the Verified Complaint that a declaratory judgment should be issued by the Court declaring that on their face, and as applied to Plaintiffs, Mich. Comp. Laws §§ 168.952(2), (3),  constitute prior restraint on core political speech; and thus, those provisions violate Plaintiffs' First Amendment Rights under the U.S. Constitution. Specifically, Plaintiffs allege that the statutory provisions requiring Plaintiffs *to receive <u>prior approval</u> from the Defendant Wayne County Election Commission, before being able to circulate recall petitions* against Detroit Mayor Mike Duggan, constitute a prior restraint on Plaintiffs' First Amendment Rights, and thus, those provisions are unconstitutional on their face and as applied to Plaintiffs.

3. Plaintiffs allege in **Count II** of the Verified Complaint that a declaratory judgment should be issued by the Court declaring that, on their face, and as applied to Plaintiffs, Mich. Comp. Laws §§ 168.952(2), (3), are unconstitutionally vague.  Thus, the Court should declare that Mich. Comp. Laws §§ 168.952(2), (3) are unconstitutionally void for vagueness.

4. Plaintiffs allege in **Count III** of the Verified Complaint that injunctive relief should be granted preliminarily and permanently enjoining the Defendant Wayne County Election Commission, in its official capacity, from enforcing the unconstitutional provisions of Mich. Comp. Laws §§ 168.952(2), (3).

5. Plaintiffs allege in **Count IV** of the Verified Complaint that Plaintiffs must be awarded their attorney fees and costs pursuant to 42 U.S.C. § 1988.

## II.    JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367.

7. This Court also has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

8. Venue is proper under 28 U.S.C. § 1391 because Plaintiffs are residents of the Eastern District of Michigan, and the actions giving rise to this Complaint all occurred within the Eastern District of Michigan.

## III.    PARTIES

9. Plaintiff, Robert Davis[1] **("Plaintiff Davis")**, is a registered elector of the City of Highland Park, County of Wayne, State of Michigan. Plaintiff Davis

---

[1] On September 2, 2014, Plaintiff Davis pled guilty before Senior United States District Court Judge Arthur Tarnow ("Judge Tarnow") in Criminal Case No. 12-20224. On December 18, 2014, Judge Tarnow sentenced Plaintiff Davis to serve 18 months at a minimum security camp in Montgomery, Alabama on the Maxwell Air Force Base ("FPC Montgomery"). Plaintiff Davis began serving his term of imprisonment at FPC Montgomery on March 13, 2015 and has since been released.

is also a well-known community and union activist, who has volunteered and been involved in many civic and political causes. (**See Plaintiff Davis' Affidavit attached hereto as Exhibit A**).

10. Plaintiff, Desmond M. White ("**Plaintiff White**"), is a registered elector of the City of Detroit, County of Wayne, State of Michigan.  (**See Plaintiff White's Affidavit attached hereto as Exhibit B**).

11. Defendant Wayne County Election Commission ("**Defendant Election Commission**"), pursuant to Mich. Comp. Laws §§ 168.952 and 168.960, is the three-member board, comprised of the Chief Judge of the Wayne County Probate Court, the Wayne County Clerk and the Wayne County Treasurer, and is charged with the statutory duty to approve or deny recall petitions submitted against local elected officials within Wayne County.  In accordance with Mich. Comp. Laws § 168.23, the Chief Judge of the Wayne County Probate Court serves as the Chairman and the Wayne County Clerk serves as the Secretary of the Defendant Election Commission.

## IV.    COMMON FACTS FOR COUNTS I-III

12. On May 19, 2016, Plaintiff White asked Plaintiff Davis to draft language for a proposed recall petition that Plaintiff White wished to file against Detroit Mayor Mike Duggan.  (**See Plaintiffs' affidavits attached hereto as Exhibit A & B**).

13. Plaintiff Davis drafted the language on Plaintiff White's proposed recall petition as she requested. (**See Plaintiffs' affidavits attached hereto as Exhibits A & B**).

14. On May 20, 2016, in accordance with Mich. Comp. Laws § 168.952(2), Plaintiff White personally visited the Defendant Election Commission's principal office and filed her proposed recall petition against Detroit Mayor Mike Duggan to the Defendant Election Commission for its consideration and approval. (**See Plaintiff White's Affidavit attached hereto as Exhibit B; and See Plaintiff White's proposed recall petition against Detroit Mayor Mike Duggan attached hereto as Exhibit C**).

15. On May 20, 2016, when Plaintiff White filed in person her proposed recall petition against Detroit Mayor Duggan with the Defendant Election Commission, Plaintiff White was not asked to present her driver's license or other personal identification. Nor was Plaintiff White's voter registration checked or verified by the staff of the Defendant Election Commission. (**See Plaintiff White's affidavit attached hereto as Exhibit B**).

16. On that same day, May 20, 2016, in accordance with Mich. Comp. Laws § 168.952(4), the Defendant Election Commission issued a notice to Plaintiff White and Detroit Mayor Mike Duggan informing them that it would be convening and meeting on June 7, 2016 at 11:30 a.m. to consider the

proposed recall petition Plaintiff White had submitted against Detroit Mayor Mike Duggan.  (**See May 20, 2016 Notice from Defendant Election Commission attached hereto as Exhibit D**).

17. The Defendant Election Commission's May 20, 2016 notice also advised Plaintiff White and Detroit Mayor Mike Duggan that the "purpose of this meeting is to determine the clarity of reasons as set forth on the petition filed by you[.]"  (**See May 20, 2016 Notice from Defendant Election Commission attached hereto as Exhibit D**).

18. In accordance with Mich. Comp. Laws § 168.952(3), on June 7, 2016 at approx. 11:30 a.m., the Defendant Election Commission convened and met for the sole purpose of determining "the clarity of reasons as set forth on the petition filed" by Plaintiff White.  (**See May 20, 2016 Notice from Defendant Election Commission attached hereto as Exhibit D**).

19. Neither Plaintiff White nor Plaintiff Davis attended the Defendant Election Commission's June 7, 2016 meeting because both believed that the Defendant Election Commission was going to reject Plaintiff White's proposed recall petition against Detroit Mayor Mike Duggan, despite the fact that the wording contained therein was truthful and of sufficient clarity. (**See Plaintiffs' affidavits attached hereto as Exhibits A & B**).

20. As expected, at its June 7, 2016 meeting, the Defendant Election

Commission voted to reject Plaintiff White's proposed recall petition against

Detroit Mayor Mike Duggan because "the recall language on the petition

filed by [Plaintiff White] on May 20, 2016, against Mike Duggan… ***are not***

of sufficient clarity to enable the officers whose recall is being sought and

the electors to identify the course of conduct which is the basis for the

recall[.]"  (**See Defendant Election Commission's June 7, 2016 Rejection**

**Letter to Plaintiff White attached hereto as Exhibit E**).

21. Both Plaintiff White and Plaintiff Davis believe the wording contained on

the proposed recall petition submitted by Plaintiff White to the Defendant

Election Commission on May 20, 2016 was factual and of sufficient clarity.

**(See Plaintiffs' affidavits attached hereto as Exhibit A & B).**

22. Both Plaintiff White and Plaintiff Davis desire to and are ready, willing, and

able to **immediately** begin circulating the proposed recall petition submitted

by Plaintiff White to Defendant Election Commission on May 20, 2016.

**(See Plaintiffs' affidavits attached hereto as Exhibit A & B)**.

23. Both Plaintiff White and Plaintiff Davis believe that Plaintiff White should

not have had to seek the prior approval from the Defendant Election

Commission in order for the Plaintiffs to **immediately** begin circulating the

proposed recall petition Plaintiff White submitted against Detroit Mayor

Mike Duggan.  (**See Plaintiffs' affidavits attached hereto as Exhibits A & B**).

24.  Both Plaintiff White and Plaintiff Davis believe that the statutory provision that requires and empowers  the Defendant Election Commission to determine whether the reasons stated in the proposed recall petition submitted by Plaintiff White on May 20, 2016 are "**factual and of sufficient clarity**" violates Plaintiff  White's and Plaintiff Davis' First Amendment core political speech rights.  (**See Plaintiffs' affidavits attached hereto as Exhibit A & B**).

25. Additionally, both Plaintiff White and Plaintiff Davis believe that the statutory provision that requires and empowers the Defendant Election Commission to determine whether the reasons stated in the proposed recall petition submitted by Plaintiff White on May 20, 2016 are "factual and of sufficient clarity" is unconstitutionally vague.  (**See Plaintiffs' affidavits attached hereto as Exhibits A & B**).

## V.   CAUSES OF ACTION

### COUNT I

**Mich. Comp. Laws §§ 168.952(2), (3) On Their Face, and As Applied To Plaintiffs, Constitute an Unconstitutional Prior Restraint on Plaintiffs' Protected Core Political Speech.**

26. Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

27. This claim is brought pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act.

28. This claim seeks prospective declaratory relief against Defendant Election Commission, in its official capacity.

29. This claim is not an appeal and shall not be deemed to be an appeal from the Defendant Election Commission's decision to reject Plaintiff White's proposed recall petitions against Detroit Mayor Mike Duggan as permitted under Mich. Comp. Laws § 168.952(6).

30. Plaintiff White and Plaintiff Davis, individually and collectively, seek to exercise their state constitutional right under Mich. Const. 1963, art. 2, § 8, for the recall of Detroit Mayor Mike Duggan.  Specifically, Plaintiff White and Plaintiff Davis seek to **immediately** begin circulating the proposed recall petition Plaintiff White submitted on May 20, 2016 against Detroit

Mayor Mike Duggan for being under criminal investigation by the FBI.

(**See Plaintiffs' affidavits attached hereto as Exhibits A & B**).

31. As alleged and as expected, the Defendant Election Commission at its June 7, 2016 meeting, voted to reject Plaintiff White's proposed recall petition against Detroit Mayor Mike Duggan because "the recall language on the petition filed by [Plaintiff White] on May 20, 2016, against Mike Duggan… *are not* of sufficient clarity to enable the officers whose recall is being sought and the electors to identify the course of conduct which is the basis for the recall[.]" (**See Defendant Election Commission's June 7, 2016 Rejection Letter to Plaintiff White attached hereto as Exhibit E**).

32. Both Plaintiff White and Plaintiff Davis believe the wording contained on the proposed recall petition submitted by Plaintiff White to the Defendant Election Commission on May 20, 2016 was factual and of sufficient clarity. (**See Plaintiffs' affidavits attached hereto as Exhibit A & B**).

33. Both Plaintiff White and Plaintiff Davis desire to and are ready, willing, and able to, **immediately** begin circulating the proposed recall petition submitted by Plaintiff White to Defendant Election Commission on May 20, 2016. (**See Plaintiffs' affidavits attached hereto as Exhibit A & B**).

34. Mich. Comp. Laws § 168.952(2) states:

> "(2) *Before* being circulated, a petition for the recall of an officer under subsection (1) *shall* be submitted to the board of county

election commissioners of the county in which the officer whose recall is sought resides." (Emphasis supplied).

35. Mich. Comp. Laws § 168.952(3) further provides in pertinent part:

"(3) The board of election commissioners, not less than 10 days or more than 20 days after submission to it of a petition for the recall of an officer under subsection (1), *shall* meet and *shall* **determine whether each reason for the recall stated in the petition is factual and of sufficient clarity to enable the officer whose recall is sought to identify the course of conduct that is the basis for the recall.  If any reason for the recall is not factual or of sufficient clarity, the entire recall petition shall be rejected."** (Emphasis supplied).

36. Both Plaintiff White and Plaintiff Davis desire to and are ready, willing, and able to, **immediately** begin circulating the proposed recall petition submitted by Plaintiff White to Defendant Election Commission on May 20, 2016. **(See Plaintiffs' affidavits attached hereto as Exhibit A & B)**.

37. The statutory requirements contained in Mich. Comp. Laws §§ 168.952(2), (3), so requiring such *prior* approval, constitute and act as a prior restraint on Plaintiff White's and Plaintiff Davis' protected core political speech.  **(See Plaintiffs' affidavits attached hereto as Exhibit A & B)**.

38. "A prior restraint exists when the exercise of a First Amendment right depends on the prior approval of public officials." *Bronco's Entm't v Charter Twp. Of Van Buren,* 421 F.3d 440, 44 (6th Cir. 2005) (quoting *Déjà vu of Nashville, Inc. v Metropolitan Government of Nashville,* 274 F.3d 377, 400 (6th Cir. 2001) (*internal quotation marks omitted)*).

39. "Under a system of prior restraint, the lawfulness of speech turns on the advance approval of government officials." *Polaris Amphitheater Concerts, Inc. v City of Westerville*, 267 F.3d 503, 506 (6th Cir. 2001) (citing *Shuttlesworth v City Birmingham*, 394 U.S. 147, 151, 89 S. Ct. 935, 939, 22 L.Ed.2d 162 (1968)).

40. "In that view, laws that impose a prior restraint on free speech have been disfavored by the courts as tantamount to censorship and thought control." *Polaris Amphitheater Concerts Inc.,* 267 F.3d at 506 (citing *Near v Minnesota*, 283 U.S. 697, 713, 51 S. Ct. 625, 630, 75 L. Ed. 1357 (1931)).

41. "Any system of prior restraints of expression [bears] a heavy presumption against its constitutional validity, and a party who seeks to have such a restraint upheld thus carries a heavy burden of showing justification for the imposition of such a restraint." *Cnty. Sec. Agency v Ohio Dep't of Commerce*, 296 F.3d 477, 485 (6th Cir. 2002) (quoting *New York Times Co. v United States,* 403 U.S. 713, 714, 91 S. Ct. 2140, 29 L.Ed.2d 822 (1971) (*internal quotation marks omitted*)).

42. In an analogous case in which the federal court was called upon to examine the constitutionality of Michigan's Recall Statute, Mich. Comp. Laws § 168.951, *et.seq*., it was established that "[t]he circulation of recall petitions

is core political speech." *Bogaert v Land*, 572 F.Supp.2d 883, 900 (W.D. Mich. 2008), *appeal dismissed* 543 F.3d 862 (6th Cir. 2008).

43. "The circulation of recall petitions involves the expression of a desire for political change in the form of removing a particular elected official from office. The circulation of recall petitions also involves a discussion of the merits of the proposed change, as those supporting the recall must articulate why the voters of a district ought to remove a political official who a majority of those voters previously elected." *Bogaert v Land*, 572 F.Supp.2d 883, 900 (W.D. Mich. 2008), *appeal dismissed* 543 F.3d 862 (6th Cir. 2008).

44. Accordingly, "Michigan does not have unfettered authority to regulate political speech associated with such recalls." *Bogaert,* 572 F.Supp.2d at 899.

45. The Supreme Court has held that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v Stuart*, 427 U.S. 539, 559, 96 S. Ct. 2791, 49 L.Ed.2d 683 (1976).

46. Additionally, "[t]he Supreme Court has created a rough hierarchy in the constitutional protection of speech with core political speech occupying the highest, most protected position…commercial speech and nonobscene, sexually explicit speech occupying a sort of second-class status, and

obscenity and fighting words receiving the least protection of all." *Planet Aid v City of St. John's*, 782 F.3d 318, 324 (6ᵗʰ Cir. 2015) (internal quotation marks and citations omitted).

47. The statutory provisions contained in Mich. Comp. Laws § 168.952(2)&(3), that require the Defendant Election Commission to determine the clarity of wording of the proposed recall petition submitted by Plaintiff White on May 20, 2016, require the Defendant Election Commission to engage in a "content-based" review of the language contained in Plaintiff White's proposed recall petition.

48. "It has long been the case that content-based regulations of the citizen's right to engage freely in speech in quintessential public for a presumptively violate the First Amendment." *Logsdon v Hains*, 492 F.3d 334, 346 (6ᵗʰ Cir. 2007).

49. Accordingly, "[g]overnment regulations of protected speech are subject to strict-scrutiny only if they target the protected speech, that is, if they are content-based." *Planet Aid v City of St. Johns,* 782 F.3d 318, 326 (6ᵗʰ Cir. 2015).

50. Therefore, "[b]roadly speaking, content-based regulations on protected speech 'can stand only if [they] satisfy[y] strict scrutiny.'" *Planet Aid,* 782

F.3d at 326 (quoting *United States v Playboy Entm't Grp., Inc.*, 529 U.S. 803, 811, 120 S. Ct. 1878, 146 L.Ed.2d 865 (2001)).

51. Consequently, in order for the statutory provisions contained in Mich. Comp. Laws §§ 168.952(2), (3) to stand, they must satisfy strict scrutiny.  It is noteworthy however that, "[w]hen a State places a severe or significant burden on a core political right, like here, it faces a 'well-nigh insurmountable' obstacle to justify it." *Citizens for Tax Reform v Deters*, 518 F.3d 375, 387 (6th Cir. 2008) (quoting *Meyer v Grant*, 486 U.S. 414, 425, 108 S. Ct. 1886, 100 L.Ed.2d 425 (1988)).

52. Thus, "[t]he provision must be narrowly tailored and advance a compelling state interest.  Although a State need not present elaborate, empirical verification of the weight of its purported justification when the burden is moderate, it must come forward with compelling evidence when the burden is higher." *Citizens for Tax Reform*, 518 F.3d at 387.

## COUNT II

**Mich. Comp. Laws §§ 168.952(2), (3) On Their Face, and As Applied To Plaintiffs, Are Unconstitutionally Void For Vagueness, And Contravene and Violate Mich. Const. 1963, Art. II, § 8.**

53. Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

54. This claim is brought pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act.

55. This claim seeks prospective declaratory relief against Defendant Election Commission, in its official capacity.

56. This claim is not an appeal and shall not be deemed to be an appeal from the Defendant Election Commission's decision to reject Plaintiff White's proposed recall petitions against Detroit Mayor Mike Duggan as permitted under Mich. Comp. Laws § 168.952(6).

57. Plaintiff White and Plaintiff Davis, individually and collectively, seek to exercise their state constitutional right under Mich. Const. 1963, art. 2, § 8, to seek the recall of Detroit Mayor Mike Duggan.  Specifically, Plaintiff White and Plaintiff Davis seek to **immediately** begin circulating the proposed recall petition Plaintiff White submitted on May 20, 2016 against Detroit Mayor Mike Duggan for being under criminal investigation by the FBI.  (**See Plaintiffs' affidavits attached hereto as Exhibits A & B**).

58. As alleged and, as expected, the Defendant Election Commission at its June 7, 2016 meeting, voted to reject Plaintiff White's proposed recall petition against Detroit Mayor Mike Duggan because "the recall language on the petition filed by [Plaintiff White] on May 20, 2016, against Mike Duggan… *are not* of sufficient clarity to enable the officers whose recall is being

sought and the electors to identify the course of conduct which is the basis

for the recall[.]" (**See Defendant Election Commission's June 7, 2016**

**Rejection Letter to Plaintiff White attached hereto as Exhibit E**).

59. Both Plaintiff White and Plaintiff Davis desire to and are ready, willing, and

able to, **immediately** begin circulating the proposed recall petition submitted

by Plaintiff White to Defendant Election Commission on May 20, 2016.

**(See Plaintiffs' affidavits attached hereto as Exhibit A & B)**.

60.  Mich. Comp. Laws § 168.952(2) states:

> "(2) ***Before*** being circulated, a petition for the recall of an officer
> under subsection (1) ***shall*** be submitted to the board of county
> election commissioners of the county in which the officer whose
> recall is sought resides." (Emphasis supplied).

61. Mich. Comp. Laws § 168.952(3) further provides in pertinent part:

> "(3) The board of election commissioners, not less than 10 days or
> more than 20 days after submission to it of a petition for the recall of
> an officer under subsection (1), ***shall*** **meet and** ***shall*** **determine**
> **whether each reason for the recall stated in the petition is factual**
> **and of sufficient clarity to enable the officer whose recall is sought**
> **to identify the course of conduct that is the basis for the recall.  If**
> **any reason for the recall is not factual or of sufficient clarity, the**
> **entire recall petition shall be rejected."**  (Emphasis supplied).

62. Both Plaintiff White and Plaintiff Davis desire to and are ready, willing, and

able to, immediately begin circulating the proposed recall petition submitted

by Plaintiff White to Defendant Election Commission on May 20, 2016.
**(See Plaintiffs' affidavits attached hereto as Exhibit A & B)**.

63.  Despite the statutory mandate requiring the Defendant Election
Commission to "determine whether each reason for the recall stated in the
petition is factual and of sufficient clarity," the Defendant Election
Commission, admittedly, only fulfilled one its requirements, which was
determining whether each reason was "of sufficient clarity."  **(See
Defendant Election Commission's May 20, 2016 Notice attached hereto
as Exhibit D).**

64. As the Court may recall, in the companion case of *Davis v Bradshaw, et. al*,
Case No. 16-cv-10674, counsel for the Defendant Election Commission
admitted at the May 18, 2016 hearing that the Defendant Election
Commission does not determine whether the reasons stated in the proposed
recall petition are factual.  Rather, the Defendant Election Commission only
determines whether the reasons stated in the proposed recall petition are "of
sufficient clarity.

65. Despite the Defendant Election Commission's strained interpretation and
enforcement of the provisions of Mich. Comp. Laws § 168.952(2), (3), the
provisions of Mich. Comp. Laws §§ 168.952(2), (3) require the Defendant
Election Commission to determine whether the reasons contained in Plaintiff

White's proposed recall petition against Detroit Mayor Mike Duggan are "factual" and of "sufficient clarity".

66. The provisions of Mich. Comp. Laws 168.952(2), (3), which require the Defendant Election Commission to determine whether the reasons contained in Plaintiff White's proposed recall petition against Detroit Mayor Mike Duggan are "factual" and of "sufficient clarity", are nonetheless vague because they are not clearly defined.

67. "[A]n enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v City of Rockford*, 408 U.S. 104, 108, 92 S. Ct. 2294, 33 L.Ed.2d 222 (1972).

68. "One of the dangers of vague laws is that they allow for 'arbitrary and discriminatory enforcement.' Additionally, if a vague statute impacts First Amendment rights, it can deter people from exercising these rights, since '[u]ncertain meanings inevitably lead citizens to steer far wider of the unlawful zone than if the boundaries of the forbidden areas were clearly marked.'" *600 Marshall Ent. Concepts v Memphis*, 705 F.3d 576, 586 (6th Cir. 2013) (quoting *Grayned v City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)).

69. "Without clear standards guiding the discretion of public officials with enforcement authority, there is a risk that those officials will administer the

policy based on impermissible factors.  As a result, laws or regulations that, for example, give officials unbridled discretion over a forum's use are impermissible because of the danger of censorship and of abridgment of our precious First Amendment freedoms." *Miller v City of Cincinnati*, 622 F.3d 524, 539 (6th Cir. 2010) (internal citation and quotation marks omitted).

70. Consequently, "[a] statute that fails to constrain an official's decision to limit speech with objective criteria is unconstitutionally vague." *Id.*

71. The provisions of Mich. Comp. Laws §§ 168.952(2), (3), requiring Defendant Election Commission to determine whether the reasons contained in Plaintiff White's proposed recall petition against  were "factual" and of "sufficient clarity" are subjective standards when one considers that the statute does not provide a meaning or definition for those terms. Specifically, the statute does not provide Defendant Election Commission with specific instructions on how to determine whether the reasons contained in Plaintiff White's proposed recall petition were "factual" and of "sufficient clarity."

72. Defendant Election Commission applied these provisions of Mich. Comp. Laws §§ 168.952(2), (3) in an arbitrary and capricious manner with respect to Plaintiff White's proposed recall petition against Detroit Mayor Duggan.

73. Accordingly, Mich. Comp. Laws §§ 168.952(2), (3) are unconstitutionally void for vagueness.

74. Additionally, Plaintiffs allege that Mich. Comp. Laws 168.952(2), (3) contravene and violate Mich. Const. 1963, Art. II, § 8.

75. It is well-settled in Michigan's jurisprudence that "when a statute contravenes the provisions of the state constitution it is unconstitutional and void." *AFSCME Council 25 v State Employees Retirement Sys*., 294 Mich. App. 1, 15; 818 NW2d 337 (2011).

76. Thus, Mich. Comp. Laws 168.952(2), (3) are unconstitutional and void to the extent that they contravene Mich. Const. 1963, art II, § 8, for they require the Defendant Election Commission to determine the factualness and clarity of Plaintiff White's proposed recall petition.

## COUNT III

### Defendant Election Commission, in their Official Capacity, Shall Be Preliminarily and Permanently Enjoined from Enforcing the Provisions of Mich. Comp. Laws §§ 168.952(2), (3).

77. Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

78. This claim is brought pursuant to 42 U.S.C. § 1983, and the Declaratory Judgment Act.

79. This clam seeks prospective injunctive relief against Defendant Election Commission, in its official capacity.

80. This claim is not an appeal and shall not be deemed to be an appeal from the Defendant Election Commission's decision to reject Plaintiff White's proposed recall petition against Detroit Mayor Duggan as permitted under Mich. Comp. Laws § 168.952(6).

81. Plaintiff White and Plaintiff Davis seeks to enjoin, preliminarily and permanently, Defendant Election Commission, in its official capacity, from enforcing Mich. Comp. Laws §§ 168.952(2), (3) against Plaintiff White and Plaintiff Davis from *immediately* circulating the proposed recall petition submitted by Plaintiff White against Detroit Mayor Mike Duggan.

82. With each passing day Plaintiff White and Plaintiff Davis are unable to circulate a recall petition against Detroit Mayor Mike Duggan for him being under criminal investigation by the FBI, Plaintiff White and Plaintiff Davis are being denied their right to exercise their First Amendment Rights and thus are being irreparably harmed.  (**See Plaintiffs' affidavits attached hereto as Exhibits A & B**).

83. Plaintiff White and Plaintiff Davis have suffered and continue to suffer irreparable harm as a result of not being able to immediately circulate the recall petition with the language Plaintiff White submitted against Detroit

Mayor Mike Duggan without first obtaining approval from the Defendant

Election Commission.  (**See Plaintiffs' affidavits attached hereto as**

**Exhibit A & B**).

## COUNT IV
## Plaintiff Shall Be Awarded Court Costs and Attorney Fees Under 42 U.S.C. § 1988.

84. Plaintiffs incorporate, repeat, and reallege the foregoing allegations as

though they were fully set forth and stated herein.

85. This claim is brought pursuant to 42 U.S.C. §§ 1983, 1988.

86. Plaintiffs shall be awarded their attorney's fees and costs pursuant to 42

U.S.C. § 1988 for any relief granted for any of the counts properly pled and

alleged herein against the named Defendant.  See *Déjà vu of Nashville Inc. v*

*Metro Gov't of Nashville and Davison County*, 421 F.3d 417 (6th Cir. 2005;

and see also, *Berger v City of Mayfield Heights*, 265 F.3d 399, 406-407 (6th

Cir. 2001).

## V.    CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE,** for the foregoing reasons, Plaintiff White and Plaintiff

Davis pray that this Honorable Court GRANT the requested relief as follows:

A. Issue a declaratory judgment declaring that Mich. Comp. Laws §§

168.952(2), (3), on their face, and as applied to Plaintiffs, constitute a

prior restraint on Plaintiff White's and Plaintiff Davis' core political

speech, and thus are void for they violate Plaintiffs' First Amendment Rights.

B.  Issue a declaratory judgment declaring that Mich. Comp. Laws §§ 168.952(2), (3), on their face, and as applied to Plaintiff White and Plaintiff Davis, are vague and thus are unconstitutionally void for vagueness.

C.  Issue injunctive relief enjoining Defendant Election Commission, in their official capacity, from enforcing Mich. Comp. Laws §§ 168.952(2), (3) against Plaintiff White's proposed recall petition against Detroit Mayor Mike Duggan.

D.  Issue a declaratory judgment declaring that Mich. Comp. Laws §§ 168.952(2), (3) contravene and violate Mich. Const. 1963, Art. II, § 8 and thus, must be declared void.

E.  Award Plaintiffs their attorney fees and costs pursuant to 42 U.S.C. § 1988 against all of the named Defendant Election Commission.

F.  Grant any further relief the Court deems appropriate, just and proper.


Dated: July 7, 2016                              Respectfully submitted,

                                                 */s/ ANDREW A. PATERSON*
                                                 ANDREW A. PATERSON (P18690)
                                                 Attorney for Plaintiffs
                                                 46350 Grand River, Suite C
                                                 Novi, MI 48374
                                                 (248) 568-9712
                                                 Aap43@outlook.com