# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Robert Davis and Desmond M. White,

      Plaintiffs,

v.                               Case No. 16-cv-12547

Wayne County Elections Commission,      Judith E. Levy
                                        United States District Judge

      Defendant,

                                        Mag. Judge Mona K. Majzoub

and

Michael Edward Duggan, Mayor of the
City of Detroit,

      Intervening Defendant.

_____/

## ORDER DISMISSING ROBERT DAVIS AS PLAINTIFF

On July 18, 2016, a telephone conference was held in the above matter. For the reasons stated on the record, supplemental briefing was ordered on the question of whether plaintiff Robert Davis has standing in this case. (Dkt. 10.) The Court, having reviewed the supplemental briefing, now finds that Davis lacks standing to bring this lawsuit. Accordingly, Davis is terminated as a plaintiff from this

matter and the claims raised on his behalf against defendants are DISMISSED with prejudice.  The case will proceed with the claims brought by plaintiff Desmond White.

## I. Background

Plaintiffs Desmond White and Robert Davis brought this lawsuit seeking a declaratory judgment and injunctive relief from the alleged rejection by defendant Wayne County Election Commission ("Commission") of White's petition to recall intervenor Edward Duggan, Mayor of the City of Detroit.  In their proposed second amended complaint,[1] plaintiffs challenge two provisions of Michigan's recall election law, M.C.L. §§ 168.952(2) and (3), as both facial and as-applied prior restraints of their political speech.  (Dkt. 21 at 13-20.)[2]  They also

---

[1] Plaintiffs' Motion for Leave to File a Second Amended Complaint (Dkt. 18) is pending before the Court, but given the liberal nature of Rule 15, it is most prudent to address the issue of Davis's standing in light of the most recently proposed complaint.  In any event, review of both complaints provides no reason to believe that the First Amended Complaint presents a basis for standing that is not included in the proposed Second Amended Complaint.

[2] M.C.L. § 168.952 reads in relevant part:

(2) Before being circulated, a petition for the recall of an officer under subsection (1) shall be submitted to the board of county election commissioners of the county in which the officer whose recall is sought

2

challenge these two provisions as violating Art. II, § 8 of the Michigan Constitution. (*Id.* at 20-28.) Plaintiffs seek an injunction barring the Commission from enforcing these two provisions of the recall election law. (*Id.* at 28-30.)

White is a resident and registered elector of the City of Detroit, and she alleges that on May 20, 2016, she filed a proposed petition to recall Mayor Duggan with the Commission. (*Id.* at 5.)[3] That same day, the Commission provided written notice to White and Duggan that it would convene on June 7, 2016 to consider White's petition with regard

---

resides.

(3) The board of county election commissioners, not less than 10 days or more than 20 days after submission to it of a petition for the recall of an officer under subsection (1), *shall meet and shall determine whether each reason for the recall stated in the petition is factual and of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct that is the basis for the recall.* If any reason for the recall is not factual or of sufficient clarity, the entire recall petition shall be rejected. Failure of the board of county election commissioners to meet as required by this subsection shall constitute a determination that each reason for the recall stated in the petition is factual and of sufficient clarity to enable the officer whose recall is being sought and the electors to identify the course of conduct that is the basis for the recall.

M.C.L. § 168.952 (emphasis added).

[3] Plaintiffs also allege that Davis assisted White in drafting the language in her petition. (Dkt. 21 at 5.) However, Davis is not asserted to have filed the petition, and his name appears nowhere on the petition materials.

3

to "the clarity of reasons as set forth" in the petition. (*Id.* at 6.) Plaintiffs allege that at the June 7, 2016 meeting, the Commission evaluated White's petition with regard to its factuality and clarity and ultimately determined that "no facts support" the statements in the petition. (*Id.* at 7-8.) The complaint further states that the Commission advised White of its decision to reject the petition for a lack of clarity. (*Id.* at 8-9.)

Plaintiff Davis alleges that he and White "desire to and are ready, willing, and able to immediately begin circulating the proposed recall petition" but for the Commission's rejection, and that this prior approval as required by M.C.L. §§ 168.952(2) and (3) impairs their First Amendment right to circulate the petition. (*Id.* at 12.) Additionally, plaintiffs challenge the requirement that the Commission evaluate whether the petition is "factual and of sufficient clarity" as being unconstitutionally vague. (*Id.* at 13.) Davis, individually and collectively with White, also alleges that the challenged law impedes their right under Art. II, § 8 of the Michigan Constitution to seek the recall of an elected official, in that evaluating a proposed petition for

4

"factuality" constitutes a political question, which is left to the voters under the terms of the Michigan Constitution. (*Id.* at 14.)

## II. Legal Standard

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 612-13 (1989) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Because standing is a jurisdictional issue, it may be raised *sua sponte* by the Court. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007).

It is the plaintiff's burden to establish that he has standing, which requires a three-part showing: 1) an "injury in fact—an invasion of a legally-protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; 2) "the injury has be fairly traceable to the challenged action of the defendant"; and 3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "'Injury in fact' is a standard meant to weed

5

out those who have no interest in the action, not to deny a day in court to those who have weak cases." *Dilaura v. Ann Arbor Charter Twp.*, 30 F. App'x 501, 506 (6th Cir. 2002).

In the First Amendment context, the standing inquiry is "relaxed . . . 'because of a judicial prediction or assumption that the policy's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.'" *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 330 (6th Cir. 2013) (quoting *Berner v. Delahanty*, 129 F.3d 20, 24 (1st Cir. 1997) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973)). The relaxed standing rules in First Amendment cases regarding the relationship between the litigant and those whose rights are being asserted reflect a concern that strict "application of the rules would have an intolerable, inhibitory effect on freedom of speech." *ACLU v. Nat'l Sec. Agency*, 493 F.3d 644, 658 n.18 (6th Cir. 2007) (quoting *Eisenstadt v. Baird*, 405 U.S. 438, 445 n.5 (1972)).

Nonetheless, "a subjective fear of chilling [ones First Amendment rights] will not suffice for standing absent a real and immediate threat

6

of future harm." *White v. United States*, 601 F.3d 545, 554 (6th Cir. 2010) (citing, *inter alia*, *Laird v. Tatus*, 408 U.S. 1, 13-14 (1972) ("Allegations of a subjective 'chill' are not an adequate substitute for a claim of *specific present objective* harm or a threat of *specific future harm*.") (emphasis in original)).  There must be "some specific action on the part of the defendant in order for the litigant to demonstrate an injury-in-fact." *Morrison v. Bd. of Educ. Of Boyd Cty.*, 521 F.3d 602, 609 (6th Cir. 2008).

"[T]he standing inquiry requires careful judicial examination of a complaint's allegations" to evaluate such questions as whether the injury is "too abstract, or otherwise not appropriate, to be considered judicially cognizable," whether the causation is "too attenuated," and whether the redressability of the injury through "a favorable ruling [is] too speculative." *Kardules v. City of Columbus*, 95 F.3d 1335, 1348-49 (6th Cir. 1996).  These and "any other relevant" questions "must be answered by reference to the Art. III notion that federal courts may exercise power only 'in the last resort, and as a necessity,' and only when adjudication is 'consistent with a system of separated powers and

7

[the dispute is one] traditionally thought to be capable of resolution through the judicial process.'" *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984) (alteration in original)).  The party seeking to assert standing must "allege an injury arising from the specific rule being challenged, rather than an entirely separate rule that happens to appear in the same section of the municipal code." *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 463 (6th Cir. 2007) (quoting *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 351 (6th Cir. 2007)).

## III.  Analysis

Plaintiffs state that White, not Davis, submitted the recall petition to the Commission on her own behalf.[4]  Davis, who has the burden to establish his standing, argues that he has suffered an injury

---

[4] In a second case brought by Davis against the Commission and others—consolidated for pre-trial purposes with this matter for administrative efficiency—defendant Commission and intervenor Duggan have each moved to dismiss Davis's case in part on a theory that the Commission cannot consider Davis's petition on the grounds that he is not a registered elector of the City of Detroit and therefore is not eligible to seek recall of an elected official of the City of Detroit. (*Davis v. Bradshaw et al.*, Case No. 16-cv-10674, Dkt. 81 at 17-18; Dkt. 82 at 14-17.)  These motions are pending before the Court.  However, the specific issue of Davis not being a Detroit elector is irrelevant to the present matter, as Davis did not sponsor the petition that is the subject of this litigation.

8

in fact because he "is currently being denied the right to exercise his First Amendment Core Political Speech Rights as a result of not being able to circulate the proposed recall petition Plaintiff Desmond White [] submitted to the Defendant Wayne County Election Commission for their consideration and *prior* approval." (Dkt 19 at 5-7) (emphasis in original) (citing *Bogaert v. Land*, 572 F. Supp. 2d 883, 900 (W.D. Mich. 2008), *appeal dismissed* 543 F.3d 862 (6th Cir. 2008)).) He asserts that White should not have to receive prior approval of her petition for him to be able to circulate it. (*Id.* at 5.)

The Commission counters that a recall petition is subject to the legal analysis of any other ballot-access issue, which means that a state's regulatory interests justify some prior review of the language that is proposed for a ballot without an intrusion on the First Amendment. (Dkt. 23 at 4-5 (citing *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997)).) The Commission further asserts that the burden described by Davis involves his status as a potential circulator, but the only plaintiff potentially burdened by prior review of the petition language is the petition sponsor herself. (*Id.* at 5.) By

9

contrast, defendant argues, it "is not preventing Robert Davis from expressing himself through speech to the voters of the city of Detroit." (*Id.*)

Further, the Commission argues that since Davis did not submit the recall petition, any injury arising from his not being able to circulate the petition is not traceable to it. The Commission contends that, should a petition be approved, it would be up to White, the petition sponsor, and not Davis whether to circulate an approved petition and whom to appoint as circulator. (*Id.* at 6-7.) The Commission further argues that Davis's asserted injury is not a particularized injury, but rather an "indefinite injury" in common with any other potential or would-be petition circulator. (*Id.* at 8.)

Duggan argues that Davis lacks standing because his status is as a potential circulator of the petition, but "[n]o government actor has prevented Davis from exercising any free speech rights he might have. Indeed there is no protected speech for him to engage in as a circulator until and unless the petition is approved." (Dkt. 24 at 4-5.) Duggan argues that Davis's asserted standing is derivative of actions taken with

10

respect to White, that Davis has no independent claims, and that any action with regard to White's claim settles the entirety of the case without any separate need to evaluate Davis's claim.   (*Id.* at 5.)

Davis's assertion of standing cannot survive careful scrutiny of the complaint and these arguments.   Plaintiffs base their lawsuit exclusively on the two provisions of the recall election law regarding the obligations of the Commission when presented with a recall petition. The law specifically requires that the petition be submitted to the Commission *before being circulated.*   M.C.L. § 168.952(2).   It also requires the Commission to hold a meeting and "determine whether each reason for the recall stated in the petition is factual and of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct that is the basis for the law." M.C.L. § 168.953(3).

This lawsuit addresses the issues of whether these two provisions burden the rights of an individual seeking the recall of an elected official under the First Amendment and the Michigan Constitution by requiring prior approval of the petition language before it may be

11

circulated to electors and by requiring an evaluation of the factuality and clarity of the language in the petition.   Nothing in these two challenged provisions addresses the rights or obligations of any circulator of any petition.

White's standing is clear: the petition she submitted was rejected by the Commission, and because of that decision by the Commission she is unable to seek the recall of Mayor Duggan with that petition. Moreover, the relief sought by the lawsuit—a declaration that the challenged provisions of the recall election law violated White's First Amendment rights and the Michigan Constitution and an injunction barring the Commission from enforcing the law—would redress White's injury by allowing her to proceed with her effort to have her petition to recall Mayor Duggan placed on the ballot.

By contrast, Davis does not have standing to assert these claims. He has suffered no actual or imminent injury because there is, at this point, no petition for him to circulate.  Because there is no petition to circulate, there can be no government agent or entity preventing him from exercising the speech rights inherent in circulating a petition.  Put

12

another way, without an injury, there is no defendant whose action is the fairly traceable cause of the injury.

There is also no redressability here. The relief sought, if granted, would have no impact on Davis's alleged injury. It would prevent the Commission from denying White her right to seek signatures for her petition, but would not address Davis's ability to circulate that, or any other, petition. Finally, even under the more relaxed standing inquiry conducted in First Amendment challenges, Davis has not alleged that he seeks standing on behalf of third parties, unnamed here, whose First Amendment rights are being inhibited by defendants' actions. *See ACLU*, 493 F.3d at 658 n.18 (citing *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 546-47 (1981)).

## IV.  Conclusion

For the reasons set forth above, Davis's claims are DISMISSED and Davis is TERMINATED from this lawsuit for lack of standing.

IT IS SO ORDERED.

Dated: August 31, 2016            s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

13

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2016.

s/Kelly Winslow for
FELICIA M. MOSES
Case Manager

14